**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:　　　　　　　　　　　　　　　　　　　　　　　Case No. 8:21-bk-04795-CPM
　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
Katalin Kozma

　　　　Debtor.
_____/

**TRUSTEE'S UNFAVORABLE RECOMMENDATION**
**AND OBJECTIONS TO CONFIRMATION OF THE PLAN**

TO:  Clerk, United States Bankruptcy Court

　　1.　　The Debtor's Petition for Relief to Chapter 13 was filed on September 20, 2021.

　　2.　　Trustee's Recommendation to the Court.  The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time for the following reason(s):

　　3.　　It does not appear that the Debtor has dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B).

　　　　a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has dedicated all disposable income to the Plan:

　　　　income tax return for 2021

　　　　b. The Debtor must file an Amended Schedule J to show the correct amount for the following expenses: debtor is not paying mortgage payment of $2,100.00 per month
　　　　c. Debtor's Current Monthly Income **(Form 122C-1)** needs to be amended to:
　　　　　correct line 2 through 11 because it should be completed

　　　　d. Pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.)  For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return; including business returns if Debtor owns a business, together with all related W-2's and Form 1099's to the Trustee within 14 days of filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments, beginning with

the tax year 2021.  Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability.  **Debtor shall spend no tax refunds without first having obtained the Trustee's written consent or court approval.**

     4.     The Plan violates 11 U.S.C. §1325(a)(4) because it does not pay unsecured creditors the value of what they would receive in a case under Chapter 7.

     a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has met the best interests of creditors test:

> income tax return for 2021
> copies of all bank account statements as of petition date for six months prior to filing
> proof of bank account exemption
> copy of all Trust Funds and inventory of each one

     b. The Debtor's Schedule C attempts to claim 100% of the value of certain assets as exempt, when only a specific dollar value is permitted to be claimed as exempt.  An Amended Schedule C must be filed.  Alternatively, Debtor must provide an appraisal of any property for which 100% of the fair market value is claimed as exempt.

     c. The Trustee is uncertain that the value of certain assets listed on Schedule(s) A and/or B is correct.  Unless otherwise agreed, the Debtor must obtain an appraisal of the assets pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases.

     5.     The amount of the Debtor's unsecured and/or secured debt exceeds the limit for Chapter 13 under 11 U.S.C. §109(e).

     6.     The Debtor's Statement of Financial Affairs must be amended to property complete #4.

     7.     The Debtor's Schedule(s) C must be amended to correct the values of debtors' overstated exemptions

     8.     It appears that this case is a business case and the Chapter 13 Trustee's office has and may further investigate the Debtor's business.

/s/ Michael E. Cecil
Michael E. Cecil, Esquire
Florida Bar No. 722855
Staff Attorney for Chapter 13 Trustee
P.O. Box 25001
Bradenton, Florida 34206-5001
Phone:  (941) 747-4644
Fax:     (941) 750-9266

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Unfavorable Recommendation and Objections to Confirmation of the Plan has been furnished electronically by CM/ECF services and/or by U.S. Mail to **Katalin Kozma**, Debtor, 1240 Solitude Lane, Sarasota, FL 34242, and the **U.S. Trustee,** 501 East Polk Street, Suite 1200, Tampa, Florida 33602 on this 8th day of December, 2021.

/s/ Michael E. Cecil
Michael E. Cecil, Esquire

JMW/MEC/kd