FILED

DEC - 9 2021

Clerk, U.S. Bankruptcy Court
Middle District of Florida
Tampa Division

By:

Katalin Kozma, Beneficiary of
KATALIN KOZMA

Via Fax

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

KATALIN KOZMA

Bankruptcy Case No. 8:21-BK-04795-CPM

Debtor,
_____/

Chapter 13

## REPLY TO THE ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED

On December 6, 2021, the Bankruptcy Court has issued on its own motion, and filed an Order to Show Cause signed by Catherine Peek McEwen, Bankruptcy Judge. The order directs that the Debtor show Cause on December 15, 2021, at 3:00 p.m., in Courtroom 8B, why the bankruptcy case should not be dismissed because as the order states that "Under 11 U.S.C. § 109(e), only an individual with regular income who owes, as of the petition date, noncontingent, **unliquidated**, unsecured debts of less than $419,275 and noncontingent, **unliquidated**, secured debts of less than $1,257,850 may be debtor under chapter 13." and as a result "the Debtor's debts far exceed the debt caps set forth in § 109(e)." (See the Order, Doc 37 attached hereto) [emphases added]

Upon review of 11 U.S.C. § 109(e) I have discovered that 11 U.S.C. § 109(e) reads as follows:

> "(e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, **liquidated**, unsecured debts of less than $419,275 [originally "$250,000", adjusted effective April, 1, 2019]² and noncontingent, **liquidated**, secured debts of less than $1,257,850 [originally "$750,000", adjusted effective April 1, 2019]², or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on

the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $419,275 [originally "$250,000", adjusted effective April, 1, 2019][2] and noncontingent, liquidated, secured debts of less than $1,257,850 [originally "$750,000", adjusted effective April 1, 2019][2] may be a debtor under chapter 13 of this title." [bold and underlined emphases added]

Upon numerous readings of the order and 11 U.S.C. § 109(e) to make sure that my eyes are not deceiving me, I have come to the conclusion that the Bankruptcy Judge Catherine Peek McEwen has signed an order to intentionally misrepresent the Bankruptcy Code and specifically section 11 U.S.C. § 109(e) with intent to mislead me and the Debtor under color of law and willfully subject me to the deprivation of my rights protected by the Constitution and laws of the United States by intentionally placing twice in the Order to Show Cause the word "unliquidated" making 11 U.S.C. § 109(e) appear applicable to me and the debtor where in fact 11 U.S.C. § 109(e) reads "liquidated" changing the entire meaning of 11 U.S.C. § 109(e) and thus not applicable to me and the debtor. It is appalling to see as well as beyond regular man or woman's comprehension that a Bankruptcy Court judge would be engaged in deceitful acts of misrepresentation and falsification of a true language of 11 U.S.C. § 109(e) in violation of her oath of office, while acting under color of law to take clear advantage over someone like me who is not trained or schooled in law.

By: _____

Katalin Kozma, Beneficiary of
KATALIN KOZMA

Date: Eighth of December Two Thousand Twenty One

State of Florida
County of Sarasota

THE FOREGOING INSTRUMENT was acknowledged before me on __12/9/2021__ by: Katalin Kozma who is personally known to me or who has produced driver license as identification and who did take an oath.

**TOMO TOMOVSKI**
Notary Public, State of Florida
Commission# HH 145604
My comm. expires June 24, 2025

Signature: _____
Notary Public

Notary Seal

Print Name: __Tomo Tomovski__