**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:                                                                Case No. 8:21-bk-04795-CPM
                                                                             Chapter 11
KATALIN KOZMA,

        Debtor.
_____/

**DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-QO1'S MOTION TO DISMISS OR CONVERT CHAPTER 11 CASE PURSUANT TO §1112(B)**
**(RE: 1240 Solitude Ln., Sarasota, FL 34242)**

Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QO1 ("Creditor"), by and through its authorized loan servicer Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper") and its undersigned counsel, hereby filed the instant *Motion to Dismiss or Convert Chapter 11 Case Pursuant to §1112(b)* ("Motion to Dismiss") filed by Katalin Kozma ("Debtor"). This Motion to Dismiss is based upon the Memorandum of Points and Authorities cited herein, the exhibits attached hereto, and such other evidence and oral argument as may be presented to the Court at or before the time of the hearing..

**I. STATEMENT OF FACTS**

    **A.    LOAN HISTORY**

    1.    On December 5, 2006, Debtor executed a promissory Note in the principal sum of $850,000.00. The Note reflects it was endorsed in blank. (*See* Claim No. 1-1).

2. The Note is secured by a recorded Mortgage granting a security interest in Debtor's real property located at 1240 Solitude Ln., Sarasota, FL 34242 (the "Property"). (*See* Claim No. 1-1).

3. Subsequently, interest in the Mortgage was assigned to Creditor. (*See* Claim No. 1-1).

4. Debtor defaulted on payments under the Note **ten (10) years ago**, prompting Creditor to proceed with default remedies under state law.

B. THE FORECLOSURE

5. As a result of Debtor's failure to make the monthly payments due under the Note, Creditor commenced a foreclosure action in the case captioned *Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QO1 vs. Katalin Kozma, et al.*, Case No. 2017-000935, in the 12th Judicial Circuit, in and for Sarasota County, Florida.

6. On October 8, 2019, an *Amended Final Judgment of Mortgage Foreclosure* was entered in the amount of $1,183,117.92 and subsequently recorded on November 12, 2019. A copy of the *Amended Final Judgment of Mortgage Foreclosure* is attached as **EXHIBIT A**. However, Creditor has been unable to complete the Foreclosure Sale due to Debtor's bankruptcy filing.

C. THE BANKRUPTCY CASE

7. On September 20, 2021, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the Middle District of Florida and was assigned cased number 8:21-bk-04795-CPM (the "Bankruptcy Case"). Debtor listed the Property as her **principal residence** on her sworn Bankruptcy petition (*See* Dkt No. 1).

8. On November 9, 2021, the Chapter 13 Trustee filed a prior *Motion to Dismiss the Bankruptcy Case* based on the Debtor's failure to provide and file required documents. (Dkt No. 20).

9. On November 18, 2021, Creditor filed its *Proof of Claim* ("Claim") listing a secured claim of $1,357,688.46, including pre-petition arrears of $715,401.43. The Claim lists a payment due date of June 1, 2012 (**a 10 year default**). The post-petition payment totals **$6,697.53,** consisting of principal and interest of $4,208.01 and an escrow impound for taxes and insurance of $2,489.52. (*See* Claim No. 1-1).

10. On December 6, 2021, the Court issued an *Order to Show Cause as to Why This Case Should Not be Dismissed* ("OSC") as Debtor exceeds the debt limits for a Chapter 13 Case. (Dkt No. 37).

11. On January 14, 2022, U.S. Bank filed a *Proof of Claim* for the second mortgage on the Property, listing a secured claim of $23,705.24. (*See* Claim No. 2-2).

12. On January 26, 2022, the Court held a hearing on the OSC whereat Debtor requested voluntary conversion of the Bankruptcy Case to a Chapter 11. (Dkt No. 61, 63).

13. On February 3, 2022, the Court entered an Order Converting Debtor's Chapter 13 Case to a Chapter 11. (Dkt No. 65).

14. On February 17, 2022, Debtor filed an Amended Voluntary Petition, Schedules, and Statements. (Dkt No. 77). Pursuant to the Amended Petition, Debtor listed the Property as her **principal residence** on her sworn Bankruptcy petition. In addition, Debtor alleged she is a **"single asset real estate"** Debtor within the meaning of 11 U.S.C. §101(51)(B). Pursuant to Debtor's Schedule I, Debtor is unemployed and earns income from her business in the amount of

$3,500.00 per month. Debtor's Schedule J lists monthly expenses of $860.00, but excludes any mortgage payments, tax obligations, or insurance obligations for the Property. (*See* Dkt No. 77).

15.     On February 28, 2022, the United States Trustee conducted an initial §341 Meeting of Creditors ("341 Meeting"). At the 341 Meeting, Debtor testified she occupies the Property as her principal residence. Further, Debtor testified the Property consists of Debtor's residence, and a one (1) unit guest house occupied by a tenant. The Property generates monthly gross rental income of $3,500 per month. The tenant is a holdover tenant and the lease is now month-to-month. Debtor has been spending the rental income on her living expenses (rather than paying the mortgage). Debtor has no other source of income.

## II.     ARGUMENT

**A. DEBTOR'S BANKRUPTCY CASE SHOULD BE DISMISSED AS DEBTOR FAILS TO QUALIFY AS A "SINGLE ASSET REAL ESTATE DEBTOR" UNDER 11 U.S.C. §101(51)(B).**

**1.     Legal Standard.**

16.     Bankruptcy Code § 101(51B) defines the term "single asset real estate" ("SARE") to mean: "real property constituting a single property or project, ***other than residential real property with fewer than 4 residential units***, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto. 11 U.S.C. §101(51)(B). (emphasis added).

**2.     Debtor Fails to Qualify as a SARE Debtor as the Residential Property is Fewer than 4-Units**

17. Pursuant to the Amended Petition, Debtor alleged she is a "single asset real estate" Debtor within the meaning of 11 U.S.C. §101(51)(B). (Dkt No. 77). However, at the 341 Meeting, Debtor testified she occupies the Property as her principal residence. Further, Debtor testified the Property consists of Debtor's residence, and a one (1) unit guest house occupied by a tenant. Accordingly, the Property is a residential real property with fewer than 4 residential units. Accordingly, Debtor fails to qualify as a SARE debtor under §101(51)(B). Based on the foregoing, cause exists to dismiss or convert the Chapter 11 Case.

### B. DEBTOR'S BANKRUPTCY CASE SHOULD BE DISMISSED PURSUANT TO 11 U.S.C. § 1112

#### 1. Legal Standard.

18. Section 1112 of the Bankruptcy Code provides, in pertinent part:

> ...on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court **_shall_** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes *cause*.

11 U.S.C. § 1112(b)(1) (emphasis added). A movant bears the burden of establishing by preponderance of the evidence that cause exists to convert the case from chapter 11 to chapter 7, or to dismiss the case, whichever is in the best interest of creditors and the estate. *In re Lizeric Realty Corp.,* 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995). Once "cause" is established, the burden shifts to the party opposing conversion to show that relief is not warranted. *Id.* For the reasons discussed more fully below, sufficient "cause" exists to convert or dismiss this case.

2. **Cause exists to Dismiss this Case as there no Likelihood for a Successful Reorganization.**

18. Pursuant to 11 U.S.C. §1112(b)(4)(A), a Court may dismiss a case due to a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. §1112(b)(4)(A). In *United Sav. Ass'n v. Timbers*, the Supreme Court stated that, "there must be a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n. of Texas v. Timbers of Inwood Forest Associates, Ltd*, 484 U.S. 365, 376 (1988).

19. There is no likelihood of a successful reorganization as any Chapter 11 Plan will lack feasibility based on Debtor's lack of income to pay secured and unsecured claims. Pursuant to 11 U.S.C. §1129(a)(11), the Court is required to find that "confirmation is not likely to be followed by the liquidation or the need for further financial reorganization of the debtor...." The widely accepted application of this section is stated within the Second Circuit decision of *Chase Manhattan Mortgage and Realty Trust v. Bergman (In re Bergman),* 585 F.2d, 1171, 1179 (2nd Cir. 1978), wherein the Court stated:

> Under the test of feasibility, the court "used the probability of actual performance of the provisions of the plan. Sincerity, honesty, and willingness are not sufficient to make a plan feasible, and neither are visionary promises. The test is whether the things which are to be done after confirmation can be done as a practical matter under the facts."

*Chase Manhattan Mortgage and Realty Trust v. Bergman (In re Bergman),* 585 F.2d, 1171, 1179 (2nd Cir. 1978). "The bankruptcy court has an obligation to scrutinize the plan carefully to determine whether it offers a reasonable prospect of success and is workable." *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1382 (9th Cir. 1985). To establish feasibility, the plan proponent must demonstrate concrete evidence of a sufficient cash flow to fund and maintain both its

operations and obligations under the Plan. *S &P, Inc. v. Pfeifer*, 189 B.R. 173, 183 (N.D. 1995) (quoting *In re SM 104 Ltd.*, 160 B.R. 202, 234 (Bankr. S.D. Fla. 1993)).

20. Title 11 U.S.C. §1123(a) states that a Plan shall provide adequate means for its implementation. The absence of an adequate means of implementation demonstrates a lack of good faith under Section 1129(a)(3), thereby precluding confirmation of a Chapter 11 Plan. *In re Walker*, 165 B.R. 994, 1003 (Bankr. E.D. Va. 1994). Debtor must have more than visionary promises and willingness, Debtor must demonstrate concrete evidence of a sufficient cash flow to fund and maintain both his operations and obligations under a proposed Chapter 11 Plan. *See S&P, Inc. v. Pfeifer*, 189 B.R. 173, 183 (N.D. Ind. 1995) (quoting *In re SM 104 Ltd.*, 160 B.R. 202, 234 (S.D. Fla.1993)).

21. Retaining property that is not producing net income is evidence of bad faith and such a plan should not be confirmed. *See In re Lindsey*, 122 B.R. 157 (Bankr. M.D. Fla. 1991) ("[T]he court may not and should not permit the debtors to use a [plan] to retain and increase their equity in investment property at the expense of their unsecured creditors."); *see also Loop Corp. v. United States Trustee*, 379 F.3d 511, 515-16 (8th Cir. 2004) (properties must generate positive cash flow to justify retention; negative cash flow alone is cause to dismiss or convert under § 1112(b)).

22. Here, the Property is Debtor's principal residence. Accordingly, Debtor is prohibited from modifying the Claim in a Chapter 11 Plan. 11 U.S.C. §1123(b)(5); *See In re Wages*, 479 B.R. 575 (Bankr. D. Idaho 2012). However, Debtor lacks the income to make contractual payments to Creditor or cure the substantial default. Creditor filed its *Claim* listing a secured claim of $1,357,688.46, including pre-petition arrears of **$715,401.43**. The Claim lists a payment due date of June 1, 2012 (**a 10 year default**). The post-petition payment totals

$6,697.53, consisting of principal and interest of $4,208.01 and an escrow impound for taxes and insurance of $$2,489.52. (*See* Claim No. 1-1). U.S. Bank holds a second position mortgage on the Property. (*See* Claim No. 2-2).

23.  Pursuant to Debtor's Schedule I, Debtor is unemployed and earns income from her business in the amount of $3,500 per month. Debtor's Schedule J lists monthly expenses of $860.00, but excludes any mortgage payments, tax, or insurance obligations on the Property. (See Dkt No. 77). At the 341 Meeting, Debtor confirmed her only source of income is derived from renting the guest house for $3,500 per month. However, the rental income is insufficient to cover the mortgage and escrow payments to Creditor (or Debtor's personal living expenses, U.S. Trustee fees, or payments to unsecured creditors). Accordingly, it unclear how Debtor can afford to maintain mortgage payments on the Property and cure the significant contractual default.

24.  Put simply, Debtor failed to present any evidence or even an explanation to suggest this Chapter 11 will be feasible given Debtor's prior defaults, lack of income, and inability to comply with the provisions of the Bankruptcy Code. Debtor owns no other assets of value other the Property. It is clear Debtor lacks the income or ability to maintain the Property.

25.  Accordingly, there is no likelihood of a successful reorganization within a reasonable period of time and cause exists to dismiss or convert this case under §1112(b)(4)(A).

26.  Finally, a review of the Claims Register indicates the Property is over-encumbered by secured claims. Accordingly, there is no equity in the Property and nothing for a Trustee to sell or distribute to creditors. As a result, dismissal is more appropriate than conversion.

**WHEREFORE**, Creditor prays that this Court issue an Order:

1. Dismissing the Chapter 11 Case; or

2. In the alternative, converting this case to a Chapter 7; and

3. Such other relief as the Court deems just and proper.

        Respectfully Submitted:

/s/ *Wanda D. Murray*
Wanda D. Murray, Bar No.: 566381
Attorney for Creditor
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385
Email: WMurray@aldridgepite.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Motion to Dismiss* was served electronically or via U.S. Mail, first-class postage prepaid, to:

**DEBTOR**
**Katalin Kozma**
1240 Solitude Ln
Sarasota, FL 34242

**UNITED STATES TRUSTEE**
**(via electronic notice)**
**Nathan A Wheatley**
Office of the U.S. Trustee
501 E. Polk St., Suite1200
Tampa, FL 33602
813-228-2000
Fax : 813-228-2303
Email: nathan.a.wheatley@usdoj.gov

**\*\*CREDITOR MATRIX ATTACHED HERETO\***

Dated: March 9, 2022

/s/ *Wanda D. Murray*
Wanda D. Murray, Bar No.: 566381
Attorney for Creditor
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385
Email: WMurray@aldridgepite.com